The opinion of the Court was delivered by
Johnston, Ch.
The Court has considered this appeal, and is of opinion that the decree should be affirmed.
Manifestly there is nothing in the ground that the Sumter-ville Society, instead of appointing its own escheator, proceeded through the agency of the State officer. The power to appoint was a privilege merely, and not a condition. Besides, it may be affirmed that the Society’s selection of the State officer was an appointment of him as its own officer to the duties they required him to perform. And were all these considerations waived, yet as the State makes no claim, *457 the contest between the claimants before the Court, may well be decided without reference to the agency through which the property is to be escheated.
The force of the argument is not perceived: — that such an interest as the Act of the Legislature professed to confer on the Society cannot pass by grant, being future, contingent and uncertain as to the subjects out of which it is to arise, and therefore the Act vests nothing in the Society, until possession taken.
Let it be conceded, that the incidents of a grant, by prerogative, are all truly stated in these objections; does it follow that it is incompetent for the Legislature, by statute, which is, of itself the law, to dispose of any part of the State’s property upon what terms it pleases, provided there be no breach of the constitution ?
It is not necessary to inquire whether the interest conferred upon the Society was technically of a vested character, or whether, if it was not, it was competent for the Legislature to take it away, by giving the whole property to another. The Legislature has not attempted to exercise such a power if it possesses it. What it has done was to confer its own interests upon third persons, subject to whatever rights it had already conferred upon the Society. The word vested, employed in respect to the rights of the Society, is plainly used in a popular sense, as is manifest from the whole clause taken together; as well that part of it relating to the distri-butees of Mrs. Smoot, as that which relates to the Society.
As to the objection that the Society by neglecting to enforce its rights in former cases of escheated property has •forfeited its rights to the extent of the property thus lost; is there any thing in the statutes compelling it to take its remedy out of the first property which presented itself? Is not the authority plainly conferred, to take the remedy out of whatever escheated property it might select, provided it should not raise more than the amount limited in the Acts ?
*458 In modification of the order made, occasion is taken under the ninth ground of appeal, (with the assent of appellee’s counsel) to order that the special referee inquire whether the Society has already received the amount warranted by statute, (leaving it undetermined until the report comes in whether it is entitled to both the sums of ten thousand dollars and fifteen thousand dollars, or only the latter;) or what amount it has received, and what it is still entitled to receive. In all other respects the appeal is dismissed.
Dunkin', Dargan and Wardla-w, 00., concurred.

Appeal dismissed.